United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD A. BRINSKELE,<br><br>          Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant.<br>_____/ | No. C-13-MISC-80094 JSW (DMR)<br><br>**REPORT AND RECOMMENDATION RE MOTION TO VACATE WRIT OF GARNISHMENT AND MOTION FOR MONEY JUDGMENT AND ORDER COMPELLING ANSWER AGAINST GARNISHEE [DOCKET NOS. 23, 25]** |

On April 30, 2013, the United States registered and filed a judgment against Plaintiff and Judgment Debtor Edward A. Brinskele that was entered by the United States Court of Federal Claims in September 2009. [Docket No. 1 (2009 Judgment).] On October 24, 2013, the Clerk issued a writ of garnishment to Vir2us, Inc. ("Vir2us") for the purpose of garnishing property in which Brinskele has a substantial interest to satisfy the judgment. [Docket No. 13 (Writ of Garnishment).] Vir2us did not answer the writ. On January 28, 2014, Brinskele filed a motion to vacate the writ of garnishment. [Docket No. 23 (Mot. to Vacate).] On February 12, 2014, the United States filed a motion against Garnishee Vir2us for a money judgment as well as an order compelling an answer to the writ. [Docket No. 25 (Mot. for Money J.).] The Honorable Jeffrey S. White, the presiding judge in this matter, referred both motions to the undersigned for a Report and Recommendation. [Docket No. 31.]

The court set a hearing on both motions for April 10, 2014, and ordered Vir2us to appear on that date to show cause for its failure to comply with the writ of garnishment. [Docket Nos. 32, 36.] The court held a hearing on April 10, 2014. The United States and Garnishee Vir2us appeared, as did Brinskele. For the following reasons, the court recommends that Brinskele's motion to vacate the writ of garnishment be DENIED and the United States's motion for money judgment and order compelling answer be GRANTED.

## I. Background

### A. Proceedings in the Court of Federal Claims

The current proceedings stem from the judgment entered on September 3, 2009 by the United States Court of Federal Claims in the matter of *Brinskele v. United States*, Case No. 02-cv-00911-NBF (Fed. Cl., filed Aug. 1, 2002) ("the underlying case"). That case involved a 2001 Internal Revenue Service (IRS) assessment of a penalty of $959,244 plus interest against Brinskele. *See Brinskele v. United States*, 73 Fed. Cl. 227, 227 (2006) ("*Brinskele I*"), *reconsideration denied*, 2006 WL 5726105 (Fed. Cl. Dec. 5, 2006). In 2002, Brinskele paid $550 toward the penalty and filed suit in the Court of Federal Claims seeking a refund of those taxes and an abatement of all of the penalties and interest assessed. *Id*. The United States counterclaimed for the balance of the assessment. *Id*. at 229-30.

At issue in the underlying case was whether Brinskele could be held liable under Internal Revenue Code section 6672[1] for federal communications excise taxes which Brinskele's former company, MTC Telemanagement, Inc. ("MTC"), now defunct, had collected from its long-distance telephone service clients but failed to remit to the government.[2] *Brinskele I*, 73 Fed. Cl. at 227.

---

[1] Section 6672 provides that "any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax . . . [shall] be liable for a penalty equal to the total amount of the tax evaded, or not collected or not accounted for and paid over." 26 U.S.C. § 6672(a). The person required to "collect, truthfully account for, and pay over" the tax is "typically" referred to as a "responsible person." *See Brinskele v. United States*, 88 Fed. Cl. 334, 346 (2009) ("*Brinskele II*") (citations omitted).

[2] MTC was a reseller of long distance telephone service. As described by the court in *Brinskele II*, MTC "purchased long distance minutes in bulk at a discount from established carriers such as Sprint and MCI and resold them to its customers at a profit. The majority of MTC's customers were businesses that did not place enough long distance calls to qualify for this bulk discount from the carriers." *Brinskele II*, 88 Fed. Cl. at 337-38.

During the course of the litigation, the IRS issued Notice 2006-50, declaring that it would no longer apply the excise taxes at issue to the type of long distance services MTC had provided to its customers. *Brinskele I*, 73 Fed. Cl. at 230. Brinskele then moved for summary judgment on the ground that "he could not be held liable to remit excise taxes which the IRS determined were no longer owed by his customers for the type of telephone services provided by MTC." *Brinskele v. United States*, 88 Fed. Cl. 334, 338 (2009) ("*Brinskele II*"). The court rejected this argument, holding that regardless of whether MTC's customers owed the excise taxes, "MTC was required to hold the monies collected from them as federal excise tax 'under color of law' as 'tax in trust for the United States under [26 U.S.C.] § 7501 [(1954)]' and remit them to the IRS.'" *Id*. (citing *Brinskele I*, 73 Fed. Cl. at 234). In denying Brinskele's motion for summary judgment, the court explained that

> To interpret [Internal Revenue Code section 6672] in a manner which would relieve MTC, and any responsible persons, of the obligation to remit to the government amounts erroneously collected as taxes, as Mr. Brinskele proposes here, is fraught with problems. "Collection agents" are never authorized to collect and keep taxes for themselves. . . . MTC, and Mr. Brinskele (if he is found liable as a responsible person), were legally obligated to pay the tax to the government once it was collected. Therefore, Mr. Brinskele is potentially liable as a responsible person under [section] 6672 *irrespective of whether MTC's long distance services were actually subject to the federal excise tax . . .*

*Brinskele I*, 73 Fed. Cl. at 234 (emphasis added). In other words, "regardless of whether or not the tax was properly assessed, as the entity responsible for collecting the tax, MTC could not keep the federal taxes it collected for itself." *Brinskele II*, 88 Fed. Cl. at 340 (citing *Brinskele I*, 73 Fed. Cl. at 234).

On August 25, 2009, following a trial on Brinskele's liability, the court found that MTC had collected excise taxes from its customers on the difference between the price at which MTC purchased the minutes and the higher price at which it resold them, and that it never remitted the collected taxes to the IRS. *Id*. at 340-345. It also found that Brinskele was a "responsible person" for purposes of section 6672 and that he had willfully failed to remit the taxes to the IRS. *Id*. at 345-48. The court later entered judgment against Brinskele in the amount of $1,514,140.15 plus statutory interest accruing from September 2, 2009 until paid. The court denied Brinskele's motion

3

1  for reconsideration and the Federal Circuit affirmed the judgment without an opinion on October 18,
2  2010. *See Brinskele v. United States*, 397 Fed. Appx. 662 (Fed. Cir. 2010).

### B. Proceedings in this Court

After the United States registered and filed the judgment against Brinskele, it demanded payment of the judgment from Brinskele, who failed to satisfy the debt. (Yang-Green Decl., June 13, 2013, ¶¶ 3-4, Ex. A.) The United States then petitioned for a writ of garnishment to Vir2us, a technology company based in Petaluma, for the purpose of garnishing property in which Brinskele has a substantial interest in order to satisfy the judgment. [Docket No. 5 (Pet. for Writ).] The United States asserts upon information and belief that Brinskele is an officer of Vir2us and that Vir2us made substantial payments to Brinskele in 2009, 2010, and 2011. (Pet. for Writ ¶¶ 6, 7.) Judge White adopted the undersigned's Report and Recommendation that the application for writ of garnishment to Vir2us as Garnishee be granted (Docket No. 12) and the writ issued on October 24, 2013.

The government served Vir2us with the writ on October 28, 2013 and its answer was due on November 12, 2013. (Yang-Green Decl, Nov. 22, 2013, ¶ 3.) Vir2us did not answer the writ. (Yang-Green Decl, Nov. 22, 2013, ¶ 3.) On November 22, 2013, the United States moved for an Order to Show Cause directed to Vir2us, seeking an order requiring Vir2us to appear before the court to answer the writ pursuant to 28 U.S.C. § 3205(c)(6).[3] [Docket No. 16.] The court granted the motion and set a hearing on January 23, 2014 for Vir2us to appear and show cause why it failed to comply with the writ of garnishment and why the court should not enter judgment against Vir2us. [Docket No. 19.] On January 21, 2014, Brinskele filed a motion to stay collection of the judgment. [Docket No. 21 (Mot. to Stay).] In his motion, Brinskele asserted that the 2009 judgment was void because numerous courts had concluded that the federal communications excise taxes collected by MTC did not apply to the telecommunications services it provided. (Mot. to Stay 2 (citing *Reese Bros., Inc. v. United States*, 447 F.3d 229, 241 (3d Cir. 2006) (holding that "the federal

---

[3] Section 3205(c)(6) provides that "[i]f a garnishee fails to answer the writ of garnishment or to withhold property . . . United States may petition . . . for an order requiring the garnishee to appear before the court to answer the writ."

4

communications excise tax does not apply to long-distance telephone services that are priced based on a fixed per-minute, non-distance-sensitive rate.").)

The court held a hearing on January 23, 2014. Vir2us failed to appear through counsel. Instead, Brinskele appeared and attempted to challenge service of the writ of garnishment on Vir2us. The court advised him that as he is not an attorney he may not appear on Vir2us's behalf. *See* N.D. Cal. Civ. L.R. 3-9(b) ("[a] corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."). Given Brinskele's representations that Vir2us was in the process of finalizing its retention of counsel in connection with this matter, the court did not hold the order to show cause hearing and instead ordered Vir2us to file a notice of appearance by counsel by January 27, 2014. The court directed the United States and Brinskele to meet and confer regarding service of the writ of garnishment and the timing of Vir2us's answer and to file a stipulation regarding the same by January 31, 2014. [Docket No. 22 (Minute Order).] The court also denied Brinskele's motion to stay on the grounds that the Court of Federal Claims had already considered and rejected Brinskele's argument that he could not be held liable for failing to remit taxes which were later determined to be inapplicable to MTC's services. *See Brinskele II*, 88 Fed. Cl. at 340 (citing *Brinskele I*, 73 Fed. Cl. at 234).

Vir2us did not file a notice of appearance by the January 27, 2014 deadline, and on January 28, 2014, Brinskele filed a motion to vacate the writ of garnishment. On February 12, 2014, the United States filed a motion for money judgment and order compelling answer against Vir2us. On February 20, 2014, an attorney filed an appearance on behalf of Vir2us Inc. [Docket No. 28.] The court ordered Vir2us to appear at the hearing on the motions on April 10, 2014 to show cause for its failure to comply with the writ of garnishment.

**II. Discussion**

**A.     Brinskele's Motion to Vacate Writ of Garnishment**

Brinskele moves pursuant to Federal Rule of Civil Procedure 60(b) to vacate the writ of garnishment on two grounds: 1) that it is based on a "void" judgment because the underlying 2001 tax assessment was invalid; and 2) that the United States committed "fraud" on the court in the

underlying case. Although Brinskele's motion is labeled a motion to vacate the writ of garnishment, he essentially seeks an order vacating the 2009 judgment by the Court of Federal Claims.

### 1. Legal Standard

Under Rule 60(b), a party may seek relief from a final judgment in limited circumstances, including "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (internal quotation marks and citation omitted). "Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

### 2. Analysis

Brinskele first relies on Rule 60(b)(4), arguing that the 2009 judgment is "void" because the court lacked personal jurisdiction over him and lacked subject matter jurisdiction over the United States's counterclaim. The United States contends that Brinskele's motion should be denied because it was not brought within "a reasonable time" after entry of final judgment in favor of the United States. Therefore, before turning to the merits of Brinskele's motion, the court must determine whether the motion is timely.

Rule 60(c)(1) provides that a motion for relief based upon a void judgment must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981). Where the time to appeal has passed, "the interest in finality must be given great weight" in determining whether a Rule 60(b) motion was filed within a "reasonable time." *Id*.

Here, Brinskele filed his motion in 2014, over four years after final judgment was entered in favor of the United States and over three years after the Federal Circuit affirmed the judgment. The only reason Brinskele provides for failing to act sooner is that he "had assurances from the Attorney General's office of the United States . . . that no collection action was being taken on this void

1  judgment" due to the IRS's 2006 notice that it would no longer collect the excise tax at issue.
2  (Reply to Mot. to Vacate 2.)  In support, Brinskele submits a 2012 declaration by an attorney with
3  the San Francisco's U.S. Attorney's office, stating that the "only action the government has taken
4  against the plaintiff Edward Brinskele's real property located in Nicasio, California, is the recording
5  [of] the Federal Tax Lien and the Abstract of Judgment."  (Reply to Mot. to Vacate Ex. A (Parker
6  Decl., Nov. 13, 2012, ¶ 3).)  However, Brinskele mischaracterizes this statement and takes it out of
7  context.  The government submitted this declaration in support of its motion to dismiss a 2012
8  complaint by Brinskele seeking declaratory and injunctive relief regarding his liability for the 2009
9  judgment.  *See Brinskele v. United States, et al.*, N.D. Cal. Case No. 12-cv-04628 WHA (filed Sept.
10 5, 2012; judgment for defendant entered Dec. 12, 2012).  The United States cited the statement in
11 question in support of its argument that Brinskele had failed to allege a Fourth Amendment violation
12 where there had been no invasion of his real property.  (Mot. to Dismiss at 10, *Brinskele v. United*
13 *States*, Case No. 12-cv-04628 WHA.)  The declaration contains no representation that the
14 government would not take any collection action on the 2009 judgment; it simply describes the
15 actions it had taken up to that date.  Brinskele provides no other reason for failing to act sooner to
16 vacate the 2009 judgment.  The court finds that his motion is unreasonably late under the *Ashford*
17 factors.  In particular, the interest in finality strongly supports denying Brinskele's motion because it
18 was filed several years after the judgment was affirmed on appeal.

19      Moreover, even if the court were to conclude that Brinskele's motion was timely filed, it fails
20 on the merits.  Brinskele argues that the judgment is void because the IRS incorrectly calculated the
21 statute of limitations for the federal excise tax at issue.  Specifically, he asserts that the 2001 IRS
22 penalty was based on an alleged tax deficiency assessed in 1998 on MTC's long distance telephone
23 services for the tax years 1992, 1993, and part of 1994, based on "the erroneous assumption that the
24 [] quarterly returns would toll the statute" of limitations.  (Mot. to Vacate 1-2.)  However, he argues,
25 "[b]ecause MTC's flat rate long distance services were never subject to [f]ederal [e]xcise [t]ax,"
26 citing *Reese Bros.*, 447 F.3d at 241), "the assessment made on MTC in 1998 was time barred."
27 (Mot. to Vacate 2.)  As a result, according to Brinskele, the Court of Federal Claims lacked personal
28

jurisdiction over him and lacked subject matter jurisdiction "to create a tax liability that did not exist" in order to assert a penalty. (Mot. to Vacate 3.)

Brinskele's argument is not persuasive. "A final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999). Brinskele's attack on the Court of Federal Appeals's jurisdiction over him and the United States's counterclaim is simply a variation of his previous attacks on the validity of the underlying federal tax assessment. As the Court of Federal Claims found, regardless of whether MTC's telecommunications services were subject to the federal excise tax, Brinskele could not retain a tax that MTC collected under the color of law and was thus liable under Internal Revenue Code section 6672. *See Brinskele II*, 88 Fed. Cl. at 340 (citing *Brinskele I*, 73 Fed. Cl. at 234) (holding that "regardless of whether or not the [federal excise] tax was properly assessed, as the entity responsible for collecting the tax, MTC could not keep the federal taxes it collected for itself."); *see also* Order Denying Plaintiff's Motion for Reconsideration, 2006 WL 5726105, at *2 ("Mr. Brinskele remains potentially liable under [Section 6672] irrespective of the current applicability of [Internal Revenue Code section 4251] to flat rate long distance services."). Further, it appears that this is the first time that Brinskele has claimed that the United States's counterclaim was time-barred. Brinskele has presented no evidence that he had no opportunity to raise this affirmative defense during the original proceedings, particularly where the IRS issued notice that it would no longer collect the excise tax at issue in 2006, three years before the Court of Federal Claims entered final judgment in favor of the government. As numerous courts have held, "Rule 60(b) may not serve as a surrogate to a tardy Rule 12(b)(6) motion." *See Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 870-71 (4th Cir. 1999) (holding that defense of failure to state a claim is waived after completion of trial on merits; collecting cases). As Brinskele has not shown that the judgment in the underlying case is "void," the court recommends that his motion to vacate the judgment pursuant to Rule 60(b)(4) be DENIED.

      **2.**      **Motion to Vacate Based on Rule 60(b)(3)**

8

Brinskele also moves to vacate the 2009 judgment pursuant to Rule 60(b)(3) on the grounds that the United States committed "fraud" in the underlying case. Rule 60(c)(1) provides that a motion for relief due to fraud must be made "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). Here, final judgment was entered in favor of the United States in 2009 and Brinskele filed the instant motion for relief in 2014. Accordingly, his motion to vacate based on "fraud" pursuant to Rule 60(b)(3) is time-barred, as more than one year has elapsed since entry of judgment. *See* Fed. R. Civ. P. 60(c)(1). Even if the court liberally construes Brinskele's motion as a Rule 60(d)(3) motion for "fraud on the court," which has no time restrictions, Brinskele would need to present "clear and convincing evidence [of] an effort by [the opposing party] to prevent the judicial process from functioning 'in the usual manner.'" *United States v. Estate of Stonehill*, 660 F.3d 415, 445 (9th Cir. 2011). As the Ninth Circuit has held, "[m]ere nondisclosure of evidence is typically not enough to constitute fraud on the court, and 'perjury by a party or witness, by itself, is not normally fraud on the court.'" *Id.* at 444 (quoting *Levander v. Prober (In re Levander)*, 180 F.3d 1114, 1119 (9th Cir. 1999)).

Here, Brinskele has failed to present clear and convincing evidence of fraud that "undermined the workings of the adversary process itself." *See id.* at 445. He asserts that in the underlying case "virtually all witnesses were tampered with, either induced to testify falsely through offers of bribes, and/or were threatened if they did not testify falsely," and that the court "had knowledge of this fraud and showed extreme partiality" to the United States. (Mot. to Vacate 4.) However, he submits no evidence in support of his allegations, other than a declaration that the facts asserted in his motion "are, to the best of [his] knowledge, true and correct." (Brinskele Decl., Jan. 28, 2014.) These unsupported allegations are insufficient to rise to the level of clear and convincing evidence under *Stonehill*. The court recommends that Brinskele's motion to vacate based on "fraud on the court" be DENIED.

**B.      United States's Motion for Money Judgment and Order Compelling Answer**

The United States moves for an order entering a money judgment against Garnishee Vir2us for $103,812 plus reasonable attorneys' fees as well as an order compelling a full and complete answer to the writ of garnishment on the grounds that Vir2us failed to appear and show good cause

1  why it failed to comply with the writ on January 23, 2014. As noted above, the court did not hold
2  the order to show cause hearing on January 23, 2014. Therefore, the court set a second show cause
3  hearing on April 10, 2014, to be held concurrently with the hearing on the present motions, and
4  ordered Vir2us to appear before the court to show cause for its failure to comply with the writ of
5  garnishment. Vir2us did not file an opposition to the government's motion or a submission in
6  connection with the Order to Show Cause. On April 9, 2014, the day before the hearing, Vir2us
7  filed a document titled "Answer of the Garnishee" in which it purported to answer the writ of
8  garnishment. [Docket No. 37 (Answer).]

9  Section 3205 of the Federal Debt Collection Procedures Act sets forth procedures for writs of
10 garnishment. *See* 28 U.S.C. § 3205. It provides that a garnishee must answer a writ of garnishment
11 within ten days of service of the writ. 28 U.S.C. § 3205(c)(2(E). It also provides that in the event
12 that a garnishee "fails to answer [a] writ of garnishment or to withhold property in accordance with
13 [a] writ," the United States may move for an order requiring the garnishee to appear before the court
14 "to answer the writ and to so withhold property before the appearance date." 28 U.S.C. §
15 3205(c)(6). If "the garnishee fails to appear, or appears and fails to show cause why the garnishee
16 failed to comply with the writ," the court must enter judgment against the garnishee for the value of
17 the judgment debtor's nonexempt interest in property "in which the debtor has a substantial
18 nonexempt interest," including nonexempt disposable earnings. 28 U.S.C. § 3205(c)(2), (6).

19 Here, the government served Vir2us with the writ on October 28, 2013 and its answer was
20 due on November 12, 2013. (Yang-Green Decl, Nov. 22, 2013, ¶ 3.) At the hearing on April 10,
21 2014, the only reasons Vir2us's counsel offered for its failure to answer and comply with the writ
22 were non-specific difficulties obtaining internal financial information, as well as an unspecified
23 "notice issue," upon which counsel did not elaborate. The court finds that these reasons do not
24 justify Vir2us's failure to timely answer the writ. Further, the court finds that Vir2us's April 9, 2014
25 "answer" to the writ is deficient. The answer is six months late, omits certain information, and is
26 internally inconsistent. For example, the answer, which is provided by Brinskele himself as CEO of
27 Vir2us, indicates that Brinskele receives "semi-monthly fees" of $9,164.00 and is owed $986,667 in
28 deferred compensation, but elsewhere in the answer Vir2us denies that it has custody, control or

10

1  possession of property in which Brinskele maintains an interest.  The answer is also not signed under
2  oath.  *See* 28 U.S.C. § 3205(c)(4) ("[i]n its written answer to the writ of garnishment, the garnishee
3  shall state under oath . . .").  The court finds that Vir2us has failed to show good cause for its failure
4  to comply with the writ, and given the deficiencies and untimeliness of its answer, the court will not
5  consider Vir2us's answer and recommends that it be stricken.

6        The United States asks the court to enter a judgment of $633 per day from October 28, 2013,
7  the date the writ of garnishment was served on Vir2us, to April 10, 2014, the hearing date for its
8  motion, for a total of $103,812.[4]  (Mot. for Money J. 4.)  *See also* 28 U.S.C. § 3205(c)(2) (a writ of
9  garnishment shall state "[t]hat the garnishee shall withhold and retain any property in which the
10 debtor has a substantial nonexempt interest and for which the garnishee is or may become indebted
11 to the judgment debtor pending further order of the court.").  This amount represents an
12 approximation of Vir2us's payment to Brinskele during that time based on Brinskele's average daily
13 compensation rate for the past three years.  The United States calculates this amount based on
14 Vir2us's payment history to Brinskele in 2010, 2011, and 2012.  (Bugos Decl., Feb. 11, 2014,  ¶ 4,
15 Ex. A (IRS Information Returns Program transcripts showing that Vir2us paid Brinskele
16 nonemployee compensation of $215,382 in 2010, $263,633 in 2011, and $214,433 in 2012).)  It
17 argues that a judgment based on Vir2us's past payment history is appropriate because Vir2us has
18 failed to disclose the actual payment information in response to the writ and because Brinskele's
19 attempted appearance on behalf of Vir2us at the January 23, 2014 hearing "strongly suggests his
20 continued service to Vir2us, Inc."  (Mot. for Money J. 4-5.)  It also seeks an award of "a reasonable
21 attorney's fee" against Vir2us for its failure to timely answer the writ, which necessitated the filing
22 of the motion compelling Vir2us to appear and show cause for its failure to respond.  *See* 28 U.S.C.
23 § 3205(c)(6).

24       The court finds that Garnishee Vir2us has failed to show good cause for its failure to answer
25 and comply with the writ of garnishment served on October 28, 2013.  Accordingly, the court

---

[4] The total judgment of $103,812 is calculated as follows: $633 per day for 164 days between October 28, 2013 and April 10, 2014.

11

recommends that judgment be entered in favor of the United States and against Vir2us, Inc. in the amount of $103,812.

The court also recommends that the United States be awarded attorneys' fees against Vir2us related to the United States's motion for an order to show cause and motion for money judgment and order compelling answer. The court orders the United States to submit briefing regarding the requested amount of attorneys' fees by no later than May 6, 2014. The court's recommendation regarding the amount of fees to be awarded will be set forth in a separate order following the government's submission. In addition, the court recommends that Vir2us be ordered to provide a full and complete answer to the writ of garnishment within seven days of any order by Judge White adopting this Report and Recommendation. Vir2us shall serve its answer on the United States and file the same with this court.

## IV. Conclusion

For the foregoing reasons, the court recommends that Brinskele's motion to vacate the 2009 judgment be DENIED. The court recommends that the United States's motion for a money judgment and order compelling an answer to the writ of garnishment be GRANTED and that judgment be entered in favor of the United States and against Vir2us, Inc. in the amount of $103,812. The United States shall submit briefing regarding its request for attorneys' fees by May 6, 2014. The court also recommends that Vir2us's untimely and incomplete answer to the writ (Docket No. 37) be stricken.

Any party may file objections to this report and recommendation with the District Judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

IT IS SO ORDERED.

Dated: April 15, 2014

DONNA M. RYU
United States Magistrate Judge

*IT IS SO ORDERED*
*Judge Donna M. Ryu*