UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD A. BRINSKELE,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant.<br>_____/ | No. C-13-MISC-80094 JSW (DMR)<br><br>**REPORT AND RECOMMENDATION RE UNITED STATES'S REQUEST FOR ATTORNEYS' FEES** |

On October 24, 2013, the Clerk issued a writ of garnishment to Vir2us, Inc. ("Vir2us") for the purpose of garnishing property in which Plaintiff-Judgment Debtor Edward A. Brinskele has a substantial interest to satisfy a 2009 judgment. [Docket No. 13.] On April 15, 2014, the undersigned issued a Report and Recommendation recommending the court grant the United States's motion for a money judgment and order compelling answer as to Garnishee Vir2us and deny Brinskele's motion to vacate the writ of garnishment. [Docket No. 41.] In the Report and Recommendation, the court ordered the United States to submit briefing regarding its request for attorneys' fees against Vir2us pursuant to 28 U.S.C. § 3205(c)(6). The United States timely filed the requested briefing. [Docket Nos. 46, 46-1 (Fee Brief).] No opposition was filed. For the following reasons, the court recommends that the United States be awarded $4,340 in attorneys' fees against Vir2us.

**I. Discussion**

Section 3205 of the Federal Debt Collection Procedures Act sets forth procedures for writs of garnishment. *See* 28 U.S.C. § 3205. It provides that a garnishee must answer a writ of garnishment within ten days of service of the writ. 28 U.S.C. § 3205(c)(2)(E). In the event that a garnishee "fails to answer [a] writ of garnishment or to withhold property in accordance with [a] writ," the United States may move for an order requiring the garnishee to appear before the court "to answer the writ and to so withhold property before the appearance date." 28 U.S.C. § 3205(c)(6). If the United States files a motion for an order requiring the garnishee to appear due to the garnishee's failure to timely answer the writ, "[t]he court may award a reasonable attorney's fee to the United States and against the garnishee." 28 U.S.C. § 3205(c)(6).

Here, the government served Vir2us with the writ on October 28, 2013. (Yang-Green Decl., Nov. 22, 2013, ¶ 3.) After Vir2us failed to answer the writ, the United States moved for an Order to Show Cause directed to Vir2us, seeking an order requiring Vir2us to appear before the court to answer the writ pursuant to 28 U.S.C. § 3205(c)(6). [Docket No. 16.] The court granted the motion and set a hearing on January 23, 2014 for Vir2us to appear and show cause why it failed to comply with the writ of garnishment and why the court should not enter judgment against Vir2us. [Docket No. 19.] Vir2us failed to appear through counsel, and instead, Brinskele appeared. Given his representations about Vir2us's efforts to retain counsel in connection with this matter, the court did not hold the order to show cause hearing. The court ordered Vir2us to file a notice of appearance by counsel by January 27, 2014 and directed the parties to meet and confer regarding service of the writ and the timing of Vir2us's answer thereto. [Docket No. 22 (Minute Order).] Vir2us did not file a notice of appearance by the deadline, and on January 28, 2014, Brinskele filed a motion to vacate the writ. [Docket No. 23.] On February 12, 2014, the court filed a motion for money judgment and order compelling answer against Vir2us. [Docket No. 25.] The court set both motions for hearing on April 10, 2014 and ordered Vir2us to appear at the hearing to show cause for its failure to comply with the writ of garnishment.

The court held a hearing on April 10, 2014 at which Vir2us appeared through counsel. On April 15, 2014, the undersigned issued a Report and Recommendation finding that Vir2us had failed to show good cause for its failure to comply with the writ, and recommending the court grant the

2

United States's motion for a money judgment and order compelling answer and deny Brinskele's motion to vacate the writ of garnishment. [*See* Docket No. 41.]

Given Vir2us's failure to show good cause for failing to comply with the writ, the court finds that the United States should be awarded reasonable attorneys' fees for the work associated with its attempts to secure Vir2us's answer to and compliance with the writ. To determine a reasonable fee award, courts employ the lodestar method, which multiplies the number of hours reasonably expended on the matter by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987). The reasonable hourly rate depends on "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 896 (1984). When assessing the rate, the court also may consider the novelty and complexity of the issues; the special skill and experience of counsel; the quality of representation; and the results obtained. *See Cabrales v. Cnty. of L.A.*, 864 F.2d 1454, 1464 (9th Cir. 1988). Although the court presumes that the lodestar represents a reasonable fee, *Jordan*, 815 F.2d at 1262, the court may adjust the award if other factors make it unreasonable. *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Therefore, the court must analyze the reasonableness of an attorneys' fees award by looking at (1) the reasonableness of the attorneys' hourly rates and (2) the reasonableness of the hours worked. *See Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1066 (N.D. Cal. 2010).

The United States requests $4,340 in attorney's fees for 31 hours of work at an hourly rate of $140. (Fee Brief 2.) It submitted a declaration by Allie Yang-Green, counsel with primary responsibility over this case, in which she describes the work she performed from November 15, 2013 to April 1, 2014 on matters related to the government's motion for an order to show cause and motion for money judgment and order compelling answer. (Yang-Green Decl., May 5, 2014.) Based upon the court's familiarity with this litigation and counsel's work, the court is able to assess the reasonableness of the hours claimed by counsel without the need to inspect contemporaneous time records. *See* N.D. Cal. Civ. L.R. 54-5(b)(2). The court finds the hours worked are reasonable. As to counsel's requested hourly fee of $140, counsel states that she has been practicing law since 2006. (Yang-Green Decl., May 5, 2014, ¶ 6.) This rate is well below market rate for an attorney

3

with similar experience in this district. *See Craigslist*, 694 F. Supp. 2d at 1068 (applying adjusted 2008-2009 *Laffey* matrix for reasonable attorney rates to reflect San Francisco regional factors, concluding that reasonable hourly rate for an attorney with 4-7 years of experience is $300 per hour and with 8-10 years of experience is $367 per hour). However, the court declines to recommend use of an hourly rate that is higher than the rate sought by counsel. Therefore, the court recommends that the United States be awarded $4,340 in attorney's fees against Vir2us.

## II. Conclusion

For the foregoing reasons, the court recommends that the United States's request for $4,340 in attorneys' fees from Garnishee Vir2us be granted.

Any party may file objections to this report and recommendation with the District Judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Civ. L.R. 72-2. Failure to file timely objections "may waive the right to appeal the District Court's order." *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568-EDL, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011) (not reported in F. Supp. 2d).

IT IS SO ORDERED.

Dated: May 22, 2014



DONNA M. RYU
United States Magistrate Judge