IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD BRINSKELE,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

No. 13-MISC-80094 JSW

**ORDER REGARDING REPORT AND RECOMMENDATIONS AND MOTION TO DISMISS**

On April 15, 2014, Magistrate Judge Donna M. Ryu issued Report and Recommendations, in which she recommended that the United States' motion for a money judgment and for an order compelling an answer to the writ of garnishment be granted. On May 22, 2014, Magistrate Judge Ryu issued another Report and Recommendation in which she recommended that the United States be awarded $4,340 in attorney's fees against Vir2us. No objections have been filed. The Court has reviewed Magistrate Judge Rue's Reports and finds them to be well-reasoned and thorough, and adopts the Reports in almost every respect. The Court GRANTS the motion for a money judgment and will enter partial judgment in favor of the United States and against Vir2us in the amount of $103,812. The Court FURTHER ORDERS that Vir2us be compelled to file and serve a full and complete answer to the writ of garnishment by no later than October 6, 2014. The adopts the Report issued on May 22, 2014 in full and thus HEREBY AWARDS the United States $4,340 in attorney's fees against Vir2us.

The Court has also reviewed the motion to dismiss for lack of subject matter jurisdiction filed by plaintiff Edward Brinskele ("Plaintiff"). In this motion, Plaintiff repeats the same

arguments that the Court already considered and rejected in the motion to stay and the motion to vacate. In order to bring this motion, Plaintiff was required, but failed, to move for leave to file a motion for reconsideration. On this basis alone, the Court denies the improper motion to dismiss.

Even if Plaintiff had followed the proper procedures, and first filed a motion for leave to file a motion for reconsideration, he has not demonstrated that reconsideration would be warranted. Under Northern District Local Civil Rule 7-9, a motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of judgment. N.D. Civ. L.R. 7-9(b)(1)-(3). The moving party may not reargue any written or oral argument previously asserted to the Court. *Id.*, 7-9(c).

Accordingly, the Court DENIES Plaintiff's motion to dismiss.

**IT IS SO ORDERED.**

Dated:   September 29, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2